**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLIVO RAMIREZ-RODRIGUEZ, AKA Orlando Ramirez Arbiso, AKA Olvo Ramirez-Rodriguez, AKA Olivo Rodriguez Ramirez, | No. 15-71544 |
| | Agency No. A078-460-323 |
| Petitioner, | |
| v. | MEMORANDUM* |
| ROBERT M. WILKINSON, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Olivo Ramirez-Rodriguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Ramirez-Rodriguez failed to establish that the harm he suffered or fears in Mexico was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). We lack jurisdiction to consider Ramirez-Rodriguez's unexhausted contention regarding domestic violence. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Ramirez-Rodriguez's withholding of removal claim fails.

Ramirez-Rodriguez does not raise, and has therefore waived, any challenge to the BIA's determination that he did not meaningfully contest the IJ's denial of

15-71544

CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Ramirez-Rodriguez's contention that the agency lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from initial notice to appear can be cured for jurisdictional purposes by later hearing notice). *See also United States v. Bastide-Hernandez*, --- F.3d ----, 2021 WL 345581 (9th Cir. 2021).

As stated in the court's August 18, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**